O’Neall, J.
The only questions argued, and which will be considered, are, 1st, has the plaintiff a right to the money ? 2nd, can this action be maintained before a demand ?
1st, The party recovering in an action, at law. re *395 covers in common law intendment, the costs charges which he has paid in prosecuting or defraying the suit. The amount recovered in that respect, is therefore recovered in his own right, and for his own use. The only exception to this rale, made in this state, is in favor of the officers of the court, whose costs are recovered.for them, and cannot be or discharged by the party recovering the judgment. I am not however prepared to say, that there may not be cases in which the party might not sue for and recover from the sheriff, the money collected for their costs. In this case, however, the costs in arrear and unpaid, and to pay which, the money in dispute, ought to be applied, are for the witnesses’ attendance. The witnesses are constructively regarded as paid by the party summoning them : their only right to recover by action, for their attendance, is against him, and not against the party failing in the suit. I am therefore satisfied, that the plaintiff is entitled to receive the money from the sheriff.
^ ^
2nd. Generally, I should be disposed to hold, that a party, for whom the sheriff has collected money, should not be allowed to sue until a demand of payment has been actually made. In Wright v. Hamilton (2 Bail. 51) which was an action against the sheriff for money collected by him, it is said “the plaintiff was bound to do a collateral thing, to demand payment, and if it was refused, then an action lay, and then and not until then, the statute would begin to run.” This, I am satisfied, is the rule applicable to all cases where the sheriff has in his hands, money confessedly belonging to the plaintiff. In such a case, he ought to be required to pay before suit brought. For he might, were the rule otherwise, be sued by every execution creditor, for whose use money wras paid into his hands, before he could have the opportunity to pay it over.
But the rule has no application to this case. In it, according to the plaintiff’s proof and the finding of the jury, the defendant wrongfully applied (or rather retained) $120, belonging to the plaintiff. This was *396 the assertion of a right, hostile to the plaintiff, and in a state of things, no demand was necessary to sustain the action.
Herndon, for the motion.
Williams, contra.
TAe motion is dismissed.
Johnson & Harper, Js. concurred.